IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BLUEWATER YACHT SALES, INC.                                    PLAINTIFF

    v.                    Civil No. 07-3039

LIBERTY COACH, INC.;
LIBERTY COACH OF FLORIDA,
INC.; and WEBASTO PRODUCT
NORTH AMERICA, INC.                                            DEFENDANTS

**AND**

AMERICAN INTERNATIONAL
UNDERWRITERS, as subrogee
of Curry Hall                                                  PLAINTIFF

    v.                    Civil No. 08-3012

LIBERTY COACH, INC.;
LIBERTY COACH OF FLORIDA,
INC.; AND WEBASTO PRODUCT
OF NORTH AMERICA, INC.                                         DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions by Separate Defendant, Liberty Coach of Florida, Inc., to dismiss the plaintiffs', Bluewater Yacht Sales, Inc. and American International Underwriters, complaints against it for lack of personal jurisdiction under FRCP 12(b)(2) (Civil No. 07-3039, Docs. 9-10; Civil No. 08-3012, Docs. 13-14)[1]. Also before the Court are Bluewater's response (Civil No. 07-3039, Doc. 12) and

---

[1] Subsequent to the filing of the motion to dismiss in 07-3039, Plaintiff Bluewater Yacht Sales filed an amended complaint adding Webasto Product North America as a defendant. The amendment does not affect Liberty Coach of Florida's Motion to Dismiss, and the Court will consider the motion in connection with the amended complaint. Further, these cases were consolidated on June 16, 2008, and the substance of the two motions to dismiss is identical. Accordingly, the court will jointly consider the motions.

Separate Defendant's Reply (Civil No. 07-3039, Doc. 18).[2]

**Introduction**

These actions arise from a fire loss to a motor home maintained and sold by Liberty Coach of Florida and owned by Plaintiff Bluewater. Plaintiff National Interstate paid in excess of one million dollars pursuant to an insurance policy. Liberty Coach, Inc. manufactures the motor homes that are sold by Liberty Coach of Florida.

The issue is whether there are sufficient "minimum contacts" with the State of Arkansas to subject the non-resident defendant, Liberty Coach of Florida to the jurisdiction of this Court. The Court finds that sufficient "minimum contacts" do not exist. Accordingly, the motions to dismiss are GRANTED, and Separate Defendant Liberty Coach of Florida is DISMISSED WITHOUT PREJUDICE.

**Discussion**

**Personal Jurisdiction**.

Once jurisdiction is controverted, the plaintiff has the burden of proving facts supporting personal jurisdiction, and the plaintiff's "prima facie showing" must be tested by the affidavits and exhibits presented, as well as the pleadings. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087 (8th Cir. 2008). A federal

---

[2] In 08-3012, American International Underwriters did not file a response to the motion to dismiss, however, as previously stated, the motions are jointly considered in this opinion.

2–

court may exercise jurisdiction "over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution. *Id.* (citation omitted). Arkansas Code Annotated §16-4-101B permits personal jurisdiction to be exercised over all persons and all causes of action or claims for relief to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution.

Personal jurisdiction refers to jurisdiction over a cause of action arising from or related to a defendant's actions within the forum state. See *Helicopteros Nacionales de Colombia v. Hall, S.A.*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Sondergard v. Miles, Inc.*, 985 F.2d 1389 (8th Cir. 1993). A forum may legitimately exercise personal jurisdiction over a nonresident corporation who "purposefully directs" its activities toward forum residents and the litigation pending before the court is the result of alleged injuries arising out of or relating to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed. 528 (1985). The due process analysis requires that the "defendant's conduct and connection with the forum State are such that he could reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, *supra*, 444 U.S. at 297, 100 S.Ct. At 567. The Eighth

AO72A
(Rev. 8/82)

Circuit has adopted a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 819 (8th Cir. 1994).

After reviewing the parties' pleadings, as well as the affidavits and exhibits presented, the Court finds that Separate Defendant Liberty Coach of Florida had no substantive contacts with the state of Arkansas; did not "purposefully direct" its activities toward Arkansas residents and the litigation pending before the court is not the result of alleged injuries arising out of or relating to any incidental activities that Liberty Coach of Florida may have had with the State of Arkansas.

On May 12, 2006, a motor home sold by Liberty Coach of Florida, was being used in Arkansas by Curry Hall, President of Bluewater Yacht Sales, when it caught fire and burned. Plaintiff Bluewater, a Virginia corporation purchased the motor home in Florida from Liberty Coach of Florida, a Florida corporation.

Frank Konigseder, secretary of Liberty Coach of Florida[3] and John Dongan, Dave Wall and Gary Patterson, employees of Liberty

---

[3] Mr. Konigseder is vice-president of Liberty Coach, Inc.

4

Coach of Florida, were present at the Bus 'n Bikers Rally in Oak Grove, Arkansas, when the fire occurred. Plaintiffs contend Konigseder, Dongan, Wall and Patterson were there on behalf of Liberty Coach of Florida and performed "potentially defective" repairs on the motor home. Plaintiffs further contend they were displaying motor homes for the purpose of soliciting sales for Liberty Coach of Florida. Finally, Plaintiffs assert that Liberty Coach of Florida and its employees participated in a similar rally in Oak Grove, Arkansas, in 2002.

Liberty Coach of Florida does not dispute that Konigseder, Dongan, Wall and Patterson were present at the rally or that some maintenance was performed on the motor home. However, Liberty Coach of Florida contends that all of them attended the rally on behalf of Liberty Coach, Inc., not Liberty Coach of Florida, as only manufacturers, not sales companies, were invited to or attended the rally. *See* Konigseder Deposition at pp. 48-49. Mr. Konigseder testified that the courtesy services were provided by Liberty Coach, Inc. and repeatedly testified that he, Dongan, Wall and Patterson attended the rally as Liberty Coach, Inc. representatives. *See* Konigseder Deposition at pp. 47, 51, 53, and 74-75. Mr. Konigseder further testified that none of the services provided to the motor home were in the vicinity of the thermal heating system which was identified as the origin of the fire.

AO72A
(Rev. 8/82)

*See* Konigseder Deposition at pp. 44-45.

Liberty Coach of Florida does not have any agents or employees in Arkansas; does not sell or maintain any motor homes in Arkansas; has never been registered as a foreign corporation for the purpose of doing business in Arkansas; does not have any offices, inventory, real estate or personal property in Arkansas; has never derived any revenue from sales that took place in Arkansas; does not have an agent for service of process or place of business in Arkansas; has never performed any services in Arkansas; and has never advertised in any locally distributed media or publications in Arkansas. *See* Affidavit of Frank X. Konigseder.

With respect to the nature and quality of Liberty Coach of Florida's contacts with Arkansas, they are limited, at best. Plaintiffs' conclusory allegations in support of this Court having personal jurisdiction over Liberty Coach of Florida are contradicted by the record. Additionally, Plaintiffs have provided nothing to the Court that suggests any services to the motor home that were provided at the rally contributed to the fire. Finally, the only connection any of the parties have to Arkansas is that the motor home happened to be in Arkansas when the fire occurred. Plaintiffs have not met their burden of proving facts supporting personal jurisdiction over Liberty Coach

AO72A
(Rev. 8/82)

of Florida.

**Conclusion.**

The Court finds that the plaintiffs have not met their burden as the moving parties to clearly establish that the Court has personal jurisdiction over Liberty Coach of Florida and the motions to dismiss are GRANTED.

IT IS SO ORDERED this 5th day of September 2008.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)